THE STATE *v.* HERMOGENE PERRY.

The threats of *a third person* must not be allowed to militate against a prisoner, and when they do not constitute part of the *res gestæ* are inadmissible in evidence to criminate the prisoner, and more especially in cases of murder, to prove on his part premeditated malice.

A conspirator is not a third person, and *vice versa.*

APPEAL from the First District Court of New Orleans, *Hunt*, J.

*D. Augustin* and *Graille*, for defendant and appellant. *T. J. Semmes*, Attorney General, for the State.

VOORHIES, J. The prisoner was sentenced to death upon the unqualified verdict of murder, returned by the jury. He asks a reversal of this judgment upon grounds set forth in his bill of exceptions taken during the progress of the trial to rulings of the District Judge.

The burden of the complaint is, that threats of a third person were allowed, on the trial below, to militate against the accused. It is obvious, and upon this point the authorities are clear, that such threats, when they do not constitute part of the *res gestæ,* are inadmissible in evidence to criminate the prisoner, and more especially, in a case of murder, to prove on his part premeditated malice. Such a conclusion would naturally follow, had the threats proceeded from the prisoner himself; but assuredly no such inference could be drawn from similar conduct on the part of another person not indicted as a *particeps criminis*, nor mentioned as

such anywhere in the record. *State* v. *Hogan*, 3 An. 714; Greenleaf Evidence, vol. I, §111.

It matters not whether the declarations of other persons are elicited by the prisoner's cross-interrogatories. These declarations, once in evidence, are entitled to no more effect than such as is recognized by law; and cannot be allowed to show malice on the part of the prisoner. They may militate against the latter only in case both he and such other persons were participators in the guilty enterprise, and when such declarations were in furtherance of the illegal combination. The rule applies to conspirators; and it is pointless as regards the acts and declarations of third persons. A conspirator is not a third person, and *vice versa:* hence the difference in applying the rule.

MacNally says: " The existence of a conspiracy being proved, the act of any one man engaged in such conspiracy, though not on his trial, is evidence to *criminate* those with whom he co-operated. But the declarations of a person unconnected with the defendant on trial, except as he may at particular occasions be in his company, cannot in any case be received in evidence." Chap. 22, Rule 2d, on Evid.

It is therefore ordered and decreed, that the judgment of the District Court on the verdict of the jury be set aside and annulled; and that this cause be remanded for a new trial according to law.

MERRICK, C, J., took no part in this decision.