## SUPREME COURT.

PETER R. MURPHY, appellant, agt. THOMAS DART, respondent.

In an action to recover damages for an *assault and battery,* where the defense is that the plaintiff committed the first assault, and that the defendant acted wholly in self-defense, and the evidence on the part of the defendant justifies the finding of the referee, that the defendant acted in self defense,

*Held,* that it was for the referee to determine whether there was an *excess of force* on the part of the defendant, and he having found that there was not, this court must assume there was none.

Evidence on the part of the defendant of previous threats made by the plaintiff, that he would whip the defendant, in connection with proof of previous difficulties between the parties, was admissible on the ground that it would aid the referee in ascertaining who was the probable aggressor on the occasion of the af. fray.

A witness has the right to explain why he was arrested for the crime which he admitted was imputed to him ; and if this explanation involves *conversations with third persons,* he has a right to have such conversations received in evidence.

*Fourth Department, General Term. Submitted May Term,* 1871. *Decided June Term,* 1871.

*Before* MULLIN, P. J., JOHNSON *and* TALCOTT, *J.J.*

THIS was an appeal by the plaintiff from a judgment in favor of the defendant, entered upon the report of a referee. The action was brought to recover damages for an assault and battery, and the defense was, that the plaintiff committed the first assault, and that the defendant acted wholly in self-defense.

Evidence was given by the defendant that the plaintiff had threatened to whip him on the first opportunity. The defendant was then allowed to show, subject to objection, that he had had previous difficulties with the plaintiff. One Johnson, a witness of the defendant, swore upon his cross-examination by the plaintiff's counsel, that he had been arrested once, charged with crime. Upon his re-direct examination this witness was allowed to state, in explanation of the fact

of his arrest, certain conversations between himself and third parties, which led to his being arrested. These conversations tended to show that the witness, in attempting to perpetrate a joke upon other parties, had so far misled them as to cause them to suspect that he had stolen their horse, and that they had him arrested simply on this account. The plaintiff objected to all conversations between this witness and other parties.

> FULLER  and VANN *for the respondent.*
> I. D. GARFIELD  *for the appellant.*

MULLIN, P. J.—The evidence on the part of the defendant justifies the finding that the injuries inflicted on the plaintiff were inflicted in self defense after the plaintiff had struck him two or three times. It was for the referee to determine whether there was an excess of force on the part of the defendant, and he having found that there was not, we must assume there was none.

I have some doubt whether the evidence of the defendant as to previous difficulties between him and the plaintiff, was admissible. Evidence was given of threats on the part of the plaintiff that he would beat the defendant whenever the latter would furnish him an excuse.

This, in connection with the proof of previous difficulties between the parties, would aid the referee in arriving at a conclusion as to who was probably the aggressor on the occasion of the affray. In this view, and for this purpose, I think the evidence was admissible.

The witness Johnson had the right to explain why he was arrested, for the crime which he admitted was imputed to him, and if this explanation involved conversations with third persons, he was entitled to have such conversations received in evidence.

The judgment of the referee is right, and must be affirmed.