State vs. Laque.

IV.

No. 10,420.

THE STATE OF LOUISIANA VS. NICHOLAS LAQUE.

In a trial for murder, threats made by a brother of the accused against the deceased, are not admissible in evidence, if it appears that the brother has not been indicted for the offence, and that no testimony has been introduced tending to show a conspiracy between the brothers for the perpetration of the crime charged to the accused.

In such a case the brother is a third person, whose acts and words spoken can have no possible bearing on the guilt or innocence of the accused.

The testimony of a witness taken at a preliminary examination in a murder case is not admissible as evidence at the final trial, unless it is shown that the witness has left the State, or cannot be found, or having been summoned was taken sick on the way. The showing that the witness has removed to an adjoining parish, is not sufficient to justify the introduction of his testimony taken at the preliminary trial, and to thus deprive the accused of his constitutional right to be confronted with the witnesses against him. R. S. 1870, sec. 1036.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. Rost, J.

Walter H. Rogers, Attorney General, for the State, Appellee.

F. B. Earhart for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This is an appeal from a conviction of murder without capital punishment, and the defendant urges numerous errors to his prejudice on the trial which resulted in his conviction.

1. He complains of the ruling of the trial judge in admitting testimony of threats made by his brother against the deceased. It appears from the indictment that the brother had not been implicated in the charge, and the bill of exception fails to suggest that any evidence had been offered to show any conspiracy between the two brothers for the purpose of perpetrating the crime charged to the accused.

The only reason given in the bill by the trial judge in support of his ruling is that defendant's objection went only to the effect, and not to the admissibility of the proffered testimony.

But in this he seems to have entirely misunderstood the scope of the objection. For all purposes of the trial of the guilt or innocence of the accused, and particularly of the relevancy of the proffered testimony, the brother was a third person; and his acts or words, under the showing made, could have no possible bearing or effect on the only question at issue, which was the guilt or innocence of the accused of the charge propounded against him.

There is no intimation in the bill, or in the whole record, that there was the slightest suspicion, supported by any testimony, that the brother had any connection with any difficulty or trouble existing between the deceased and the accused; or that the alleged threats were in any way part of the *res gestæ*. The question is completely covered by the ruling of this court in the case of Perry, 16 Ann. 444, in which the rule was formulated thus :

" The threats of a *third person* must not be allowed to militate against a prisoner, and when they do not constitute part 'of the *res gestæ*, are inadmissible in evidence to criminate the prisoner, and more especially ·in cases of murder, to prove on his part premeditated malice. "

In that case the court quoted with approval the following language of a writer on criminal jurisprudence :

" The existence of a conspiracy being proved, the act of any one man engaged in such conspiracy, though not on his trial, is evidence to criminate those with whom he co-operated. But the declarations of a person unconnected with the defendant on trial, except as he may at particular occasions, be in his company, cannot in any case be received in evidence. "

It is easy to conceive that such testimony must have had a very injurious effect against the accused, in the minds of the jury, in creating the impression that bad blood existed between the deceased and the family of the defendant. The ruling complained of is manifestly erroneous, and is sufficient of itself to vitiate the trial. Wharton's Criminal Evidence, 9th edition, sec. 225, and authorities cited in the note.

But another bill of exception taken by the accused presents an incident which may recur on a second trial, and hence it justifies our attention to the subject in this opinion :

2. The complaint is that the judge erred in admitting in evidence,

State vs. Laque.

over the objection of the accused, the testimony of a witness absent from the trial, which had been taken and reduced to writing at a preliminary trial of the case.

The ground of the judge's ruling is that the witness who lived in the parish at the time that the preliminary examination had been made, had since removed from, and could no longer be found, in the parish in which the crime had been committed and in which the court was holding the trial.

But the bill shows that it appeared from the sheriff's return on the summons, that he had ascertained from inquiries made in the neighborhood that the witness had removed from that parish, St. Charles, to the Parish of Jefferson. Now we must take judicial cognizance of the two facts : that the Parish of Jefferson adjoins the Parish of St. Charles, and that they are both included in the same judicial district. Hence it is apparent that the showing made was not sufficient to deprive the accused of his constitutional right " to be confronted with the witnesses against him, " and to justify the introduction of testimony of an absent witness, taken at the preliminary examination made in his case.

Such testimony is admissible only under a showing that the witness had either left the State, or that, after diligent search, he could not be found, or that he had been summoned, but that he had been taken sick on the way. State vs. Harvey, 28 Ann. 105 ; State vs. Douglass, 34 Ann. 523 ; State vs. Condier, 36 Ann. 291 ; State vs. Allen & Carter, 37 Ann. 685.

It appears to our entire satisfaction from this record that the witness was not out of the State, but that, on the contrary, he was within easy reach of the process of the court, and hence that the State had not proven due diligence in the effort to procure his attendance. Revised Statutes 1870, sec. 1036.

We, therefore, hold that there was error in the ruling which admitted in evidence the testimony given by that witness at the preliminary examination of the case.

The record contains several other complaints of the accused, but as the causes on which they are predicated are not likely to recur on the new trial which we propose to order in the case, we must decline to prolong the discussion.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, and that the verdict of the jury be quashed and set aside ; and that this case be remanded to the District Court for further proceedings according to law and to the views herein expressed.