The opinion of the court was delivered by
Parlange, J.
The defendant was indicted for the murder of one John Williams. He was tried by a jury and found guilty without capital punishment. He has been sentenced to imprisonment for life in the State penitentiary and he has appealed.
The facts of this case, as shown by the bills of exception, are as follows:
*1327 The defendant and John Williams had an altercation, during which the defendant said that if Williams did not pay him 25 cents he would knock Williams’ head off. They then played at dice until the defendant had lost his stake. Defendant then went to a house, one hundred yards distant, to procure a Winchester rifle. He stated to a woman ■who was in the house that he wanted the rifle to kill a hawk. The defendant returned with the rifle to the place where Williams was, some thirty or forty minutes having elapsed since the defendant had left Williams, and when the defendant came within twenty feet of Williams he shot the latter in the back, killing him without warning, and while the latter was on his knees playing at dice. The judge a quo certifies that there was no hostile demonstration by Williams against the defendant and that while Williams did hold an axe during the time of the altercation first mentioned he made no attempt to strike with it. The finding of the judge a quo on this point is not open to review by us in this case.
The defendant complains that he was not permitted to offer evidence to show that Williams had made threats against his life. He further complains that he was not allowed to show the dangerous character of the deceased; and that the deceased had murdered a man in Alabama and another in Slidell, La., and was a fugitive from justice. This evidence was offered by the defendant in mitigation of the of-fence.
Under the settled jurisprudence of this State, a defendant in a prosecution for murder will not be allowed to offer proof as to the dangerous character of the person whom he is charged with having murdered, unless a hostile demonstration by the deceased against the defendant is first proven. The same rule applies to threats. Nor in this case was the offered testimony admissible for the purpose of mitigating the offence. In State vs. Robertson, 30 An. 340, this court held that in a trial for murder, evidence as to the dangerous character of the deceased can not be admitted even in mitigation, unless the defendant first shows that he was attacked by the deceased and was aware of the latter’s character.
The instant case does not contain a single element of self-defence, nor any fact upon which defendant could in law claim a mitigation of the offence charged. He has escaped the extreme penalty of the law. No injury has resulted to him in law from the exclusion of the proffered testimony and without injury shown, this court will not disturb the verdicts of juries in criminal cases.
*1328 The defendant further complains that after he had shown by a witness that defendant’s general reputation for peace and good order was good, he was not allowed to elicit from the witness an answer to the following question: “What was the disposition of the defendant; was it that of a man who would seek a difficulty or that of a man who would avoid a difficulty ?” The counsel for the State raised the objection that the question was leading and that by it the opinion of the witness was sought to be elicited; the objection was sustained by the court.
' Strictly speaking, the question was leading. State vs. Johnson,' 29 An. 717. The defendant’s counsel might have framed his question in an unobjectionable form. The witness had already testified-that the defendant’s general reputation was good for peace and good order, and the defendant had the full benefit of that testimony. Under the facts of this case, we do not consider that the defendant was injured by the refusal of the trial judge to allow the question to be answered.
Defendant’s last complaint is that while he was on the witness stand testifying in his own behalf, he was not allowed to answer the question: “ Why he had killed the deceased,” propounded to him by his own counsel.
The trial judge states that the defendant had just testified at length how and under what circumstances he had killed the deceased' and that “the question was an attempt to admit evidence of previous threats, when no hostile overt act had been shown on the part of the deceased against the defendant at the time of the killing.”
Defendant’s counsel urges in his brief that the trial judge could not know, in advance of the answer, what the object of the question was1But the counsel does not state what his object was, nor do we understand him as denying that the trial judge was correct in ascribing, as the motive for the question, a purpose to introduce proof of previous threats, which proof the trial judge had already excluded. If the trial judge was in error regarding the purpose of the question) defendant’s counsel should have stated what the true purpose was, and if that purpose had proven to be lawful we are to presume that the trial judge would have allowed the question to be propounded and answered. Under the facts and circumstances of this case, we can not surmise what other purpose defendant’s counsel could have had, than to elicit statements as to previous threats by Williams and- *1329 as to the character of Williams. The conclusion is almost irresistible, when we consider that the defendant’s counsel did not disclose his purpose at the trial and that he is still silent in this court as to that purpose. If the object was to elicit the testimony which the trial judge had already ruled out, the question was evidently improper.
If the purpose was to show the motive, although no such claim is made, it seems clear that the defendant intended to testify that he was moved to do the killing by threats of Williams and by knowledge of Williams’ character. Such testimony was inadmissible under the ruling of the trial judge and the facts and circumstances of this case, as coming from witnesses other than the defendant; it was equally inadmissible as coming from the defendant himself. In this regard, he was on the same footing as any other witness. But it is not for this court to conjecture as to the purpose for which the question was asked. It was for the defendant to show the purpose and that he suffered injury by the exclusion. He has done neither.
We find no error entitling the defendant to a reversal of the judgment.
Judgment affirmed.