BREAUX, J.
The defendant was indicted jointly with William Newton for killing Bill Draws. He was tried and found guilty, and condemned to suffer the extreme penalty of the law. He appeals.
The defendant Thompson was tried twice. On the first trial, Newton was acquitted, and the defendant Thompson was found guilty. He appealed to this court. The verdict and sentence in this first case were reversed on the ground that, the prosecuting officer had gone out of the record in his argument to the jury. State v. Thompson, 106 La. 362, 30 South. 895.
The case was remanded. Thompson was again tried, and the result of the trial was that he was found guilty, as before mentioned. The different grounds upon which he bases his appeal are set out in three bills of exception.
In the first bill of exception it is stated that Officer Mora, a witness for the accused, was called to the witness stand to prove the bad character of the deceased. He was asked by the defendant's counsel if he knew anything of the “character and record” of Bill Draws, the deceased. The answer was that he knew him “to be a very bad man.” Again, “He had a bad record.”
In the second place, his counsel asked, “What was he, — a thief, a gambler, or what?”
The prosecuting officer objected to the question. The court maintained the objection, and the bill was reserved. Counsel for defendant then propounded the question:
“What was his reputation?” To which the witness replied: “He was bad, — mischievous. He always wanted to fight the police, and had trouble with them.”
In the second bill of exception before us, it is recited that the testimony of Officer Mc-Nally, deceased, who had testified on former trial of the accused, was read to the jury by the state’s prosecuting officer. We excerpt the following from the bill: “The defense objected on the ground that the evidence was inadmissible and irrelevant. The court overruled the objection, marked the testimony to be read, and instructed the jury to consider only that part of the testimony which related to this accused.”
The following is substantially contained in the bill of exception: The accused urges that the court’s ruling is erroneous because it notified the jury of the former trial of the accused. In addition, the testimony admitted was irrelevant.
By the third bill of exception, it is brought to this court’s attention that during the argument of the case the prosecuting officer said to the jury that Bill Draws, the deceased, was “hounded by the police; that he was oppressed by them, and resented being clubbed by them; and, further, that this prosecuting officer inquired why it was that the defense had not proven all these crimes against the deceased.”
The complaint of the defendant is, as stated in the bill, “that the argument above quoted was dehors the record”; there was no evidence in the record that the police had “hounded, clubbed, or ill-treated” the deceased.
The bill of exception sets forth that “the court thereupon called the district attorney’s attention to the fact “that he was going out of the record, and ordered him to desist.” The defense contends that “the jury had already been prejudiced by the facts stated.”
The foregoing, we understand, is the statement of counsel in the bill of exception.
The trial judge, in his indorsement upon these'bills, says that the testimony of Officer McNally, given in the lower court on a preliminary trial, was permitted to be read because he (McNally) was dead; but, as the testimony given was against the present accused and one William Newton, not on trial, he had instructed the jury, in considering the testimony read, that they could not consider the testimony which related to Newton.
The trial judge’s indorsement on the third bill of exceirtion sets out that the prosecuting officer, in his argument, had gone beyond the record, when he was stopped and told not to argue facts not proven; that he instructed the jury to disregard the remarks of the assistant district attorney in so far as they referred to facts not established, and not in any manner permit themselves to be influenced by such remarks.
He added: “I- am certain, that, after I had *299 so charged the jurors, that they were not at all prejudiced by these remarks, and that he was not injured in his defense. As to the exact words used by the district attorney, I have no recollection, but I do know that he was once interrupted, and I charged the jurors in the manner above indicated.”
There was a motion for a new trial filed, covering, in the main, the points set out in the bills of exception. This motion was overruled, and a bill was reserved, as made to appear by the minutes; but no bill was ever signed, for the reason, doubtless, that the defendant rests his defense on grounds set out in the bills of exception.
We take up in the first place the first bill of exception for consideration and decision. It relates to the court’s ruling in excluding the testimony sought by the question propounded to Officer Mora.
The following is the question: “What wais he” (to prove bad and dangerous character of the deceased), “a thief, a gambler, or what?” (In parentheses by the court.)
The contention on the part of the accused fs that he was prejudiced by the ruling, because he had a right to prove the desperate and criminal acts of the deceased, and that he was usually armed, and frequently used weapons; that he derived his nickname from readiness to draw weapons; and that his correct name was Thompson.
In our view, the question does not suggest the answer which defendant urges should have gone to 'the jury, — whether deceased was “a thief, a gambler, or what?” and was not pertinent to the issue. There was no question regarding his honesty before the court.
The trend of the examination permitted as shown, by the question propounded, just pri- or to the question excluded and the question following, manifests no intention on the part of the court to exclude the testimony which the defendant insists was excluded.
The witness was pertinently asked by counsel for accused, “What was his reputation?” The answer, not objected to, as we have before stated, was: “He was bad, — mischievous. He always wanted to fight the police, and had trouble with them.”
Nothing would justify us in holding, when a question is propounded to prove that one is “a thief,” or “a gambler,” or “what,” and it is excluded, that it must follow that the defendant was not permitted to show that the deceased was a dangerous character.
In our view, the defendant was not prevented from showing the character of the deceased. All the answers regarding his dangerous character, as we understand, went to the jury.
To resume, before leaving this point, the defendant sought to show, as we take it, that the killing was in self-defense. We think whether the deceased was a thief or a gambler had nothing to do with that plea.
We pass to the next bill of exception, — No. 2. It was reserved to the court’s ruling in permitting the testimony of Officer McNally to be read. The objection is that the reading of this testimony was, as we have already stated, a giving of notice to the jury of a former trial, and was irrelevant.
We have the objection before us, but not the testimony to which defendant objected. It was not made part of the bill of exception, and therefore is not copied in the record before us. In consequence, we cannot very well determine to what extent the testimony was notice to the jury of the former conviction. We must state, however, that we have not the least reason to infer that the prosecuting officer offered the testimony taken on the former trial with the view of proving the former conviction, and of letting it be known to the jury that the accused had already been tried.
The bill of exception does not show any such fact. True, the narrative of the bill states: “The state offered the officer, McNally, who testified on the former trial in which the accused was convicted.”
We do not infer that this statement went, as written, to the jury. The judge’s indorsement on this bill precludes the idea that the testimony went to the jury regarding the former trial. If there was any error committed, the bill should have stated the facts sufficiently to enable the court to decide on the trial that the judge erred. State v. Tiernan, 40 La. Ann. 525, 4 South. 477.
“The testimony taken on the former trial was admissible, as the accused had had an opportunity to cross-examine the witness.” Clark, Cr. Proc. p. 532.
The testimony was admitted, and it does not appear that the jury was informed that *301 the accused had heen previously tried and found guilty. We would not be justified in assuming that such knowledge was communicated to the jury.
AYe are brought to the consideration of the third and last bill of exception, in which all the facts are narrated regarding the prosecuting officer’s remarks to the jury. These remarks are quoted in our statement of the facts. They are not entirely foreign to the case, as it seems the testimony had been admitted regarding the character of the deceased, and in arguing the plea of self-defense the assistant district attorney assailed the position of the defendant, and sought to show that it was not as he contended.
If they went beyond the record (that is, the remarks of the district attorney), it was a deduction on his part. The error was immediately corrected, and the judge gave proper instruction to the jury. There is no reason to infer that the jury was influenced by them.
“Generally, if the court rebukes counsel for making improper remarks, and instructs the jury to disregard them, a conviction will not be set aside, but there may be cases in which the remarks cannot be thus cured.” Clark, Cr. Proc. p. 464.
Remarks hastily made, of the character of those here, and recalled by the court’s action, cannot very well be held as prejudicial.
This court has said: “A question which the trial judge cautioned the jury not to consider cannot prejudice the accused.” State v. Black, 42 La. Ann. 861, 8 South. 594.
The instruction to the jury, as in this case, should be sufficient to prevent injury to an accused in his defense. Quoting again: “A new trial will not be granted because the district attorney in his argument traveled beyond the evidence, the court not being called upon to interfere.” 3 Whart. Cr. Law (7th Ed.) 711.
Here the court, without having been called upon, made needful correction regarding remarks that were not specially prejudicial, and which led to the deduction which the prosecuting officer sought to make from the testimony.
AAre have examined the different grounds of the defense, and found none upon which to base a reversal of the verdict and sentence. There is no alternative left us. The verdict and the sentence must be affirmed.
By reason of the law and the evidence being in favor of the state and against the defendant, the judgment appealed from is affirmed.