PROVOSTY, J.
The defendant was convicted of murder and sentenced to be hanged, and he appeals.
He assigned as error apparent on the face of the record that the record nowhere showed that an indictment had been presented in court by the grand jury.
The assignment was well founded, but the fact being that an indictment had been duly presented, although the minutes of the court did not show it, the Attorney General procured a correction of the minutes ana of the record to be made under certiorari, and the record does now show compliance with this essential formality.
Now, however, the defendant finds fault with the proceedings for the correction of the minutes. They are irregular and fatally defective, he says, in that they were made out of his presence and without notice to him.
The defendant did not need to be present when the court corrected its minutes so as to make them conform to the truth. His counsel was notified and was present. This was sufficient.
Defendant also complains of the lower court’s refusal to allow him to prove threats. The ground of the refusal was that proper foundation had not been laid by proof of an overt act. Defendant’s insistence is not that a proper foundation was laid, but that without the laying of a foundation the evidence was admissible as part of the res gestee and in mitigation.
The time when the alleged threats were made is not otherwise specified than that it was “recently.” This may mean hours, days, or, for the matter of that, months, before the fatal occurrence. Evidently, under these circumstances, the alleged threats are not shown to have been part of the res gestee.
So far as proving threats without having first laid a foundation is concerned, to say that, where the proof of threats is offered in mitigation, the laying of a foundation is unnecessary, is to say that threats may be proved in ail eases without the postulate of a hostile demonstration. The situation would then be that threats could be proved in every case of murder, and the firmly established jurisprudence requiring the proof of an overt act as a postulate to the introduction of evidence of threats would be wiped out. This point as to the admissibility of threats in mitigation where inadmissible in justification is not new, it having been ruled on adversely in the following cases: State v. Carter, 45 La. Ann. 1326, 14 South. 30; State v. Robertson, 30 La. Ann. 340; State v. Barker, 46 La. Ann. 804, 15 South. 98.
Another complaint refers to certain remarks of the district attorney in his argument to the jury.
The remarks were mere comments on the heinousness of the crime of murder. The judge and the witness of defendant on the new trial concur in saying that “the terms were used by the district attorney, but were used in such way as to give the impression that they were spoken of any crime which would be characterized by the attributes peculiar to this case. I understood them to be applied in a general way to cases of that nature.” We do not understand that the district attorney is precluded from that line of argument. Besides, the remarks were not objected to at the time they were made.
Judgment affirmed.