Argued 12 July, decided 21 August, 1906.

### STATE *v.* QUEN.

86 Pac. 791.

CRIMINAL LAW—THREATS BY THIRD PERSON.

In doubtful cases evidence of threats by one of several persons acting under a general plan is admissible for the purpose of showing the feelings of the conspirators, and aiding the ascertainment of truth from the conflicting claims, when the threats are reasonably connected in time and circumstance with the principal event; but evidence of threats made by a third person against the prosecuting witness cannot be imputed to defendant, though made in his presence, unless some concert of purpose is shown between such third person and defendant: *State* v. *Ching Ling*, 16 Or. 419, distinguished.

From Multnomah: JOHN B. CLELAND, Judge.

Wong Chow Quen appeals from a conviction of simple assault.　　　　　　　　　　　　　　REVERSED.

For appellant there was a brief over the names of *Long & Sweek* and *William Wallace Banks*, with an oral argument by *Mr. Joel Minor Long* and *Mr. Banks.*

For the State there was a brief over the names of *A. M. Crawford*, Attorney General; *John Manning*, District Attorney, and *Gustavus Charles Moser*, with an oral argument by *Mr. Moser.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, Wong Chow Quen, was accused by information of the crime of assault with intent to kill, alleged to have been committed in Multnomah County, February 15, 1905, by

unlawfully shooting at and wounding Lee Mon Lee; and, having been tried therefor, he was convicted of simple assault and appeals from the judgment which followed. The testimony for the State is to the effect that as Lee Mon Lee, a Chinaman, was walking on Second Street in the City of Portland at night, some person touched him, and as he turned around the defendant, a fellow countryman, shot him in the back. As tending to refute the defendant's theory that the shot was fired in self-defense, the State was permitted, over objection and exception, to prove that another Chinaman, in the presence of the defendant, had threatened to take the life of the prosecuting witness. Lee Mon Lee testified that on the night preceding the shooting he visited a Chinese house of ill repute, where he found Chee How and Jue He, who asked to see his diamond ring, and the latter took it from him a few moments before the defendant arrived, and that on the night of February 15, 1905, returned to such house, where he saw the Chinaman named and also the defendant. The district attorney, referring to Jue He, inquired:

"When you were up stairs there, state whether or not this Chinaman made any threats against you or said anything to you in the nature of threats, in the presence of the defendant, Wong Chow Quen."

This question having been objected to as incompetent and the objection overruled, the witness answered:

"I demanded my ring and Jue He said: 'The ring belongs to the woman. The woman gave it to me.' They said if I came again and demanded the ring they would kill me.
Q. Was the defendant there at the time that was said?
A. Yes.
Q. What did he say, if anything?
A. He did not say anything."

The defendant's counsel thereupon moved to strike out the answer on the ground that it was immaterial and incompetent, but the motion was overruled, and an exception allowed.

No evidence having been offered tending to show that a conspiracy existed between the defendant and Jue He, or that the latter was implicated in any manner in the shooting, it is contended by the defendant's counsel that an error was committed in admitting the testimony so objected to and in overruling the

motion interposed. The admission of the testimony complained of was undoubtedly based on what was considered to have been the ruling made in *State* v. *Ching Ling,* 16 Or. 419 (18 Pac. 844), where it was held that evidence of threats made by co-defendants against the life of a person charged to have been killed by the defendant, but not uttered in his presence, was inadmissible on the separate trial of the latter. It might seem reasonably to be implied from the conclusion reached in that case that, if threats against the life of a person slain had been made in the presence of the person charged therewith, evidence of such menaces would be admissible against the party accused at his separate trial. This question, however, was not involved in that case, and any inference deducible therefrom is not applicable herein. Threats to take the life of, or to do bodily harm to, any person, are generally considered as expressions of the ill feeling which the speaker or writer entertains toward the person whom he dislikes. Evidence of such threats, when recently made, or when so connected as to form a chain of menaces, evincing a present purpose, is admissible in doubtful cases to illustrate what may be deemed the reasonable actions of the participants in an encounter, for the purpose of showing the *quo animo* of the person making the threats and thereby increasing the probabilities that he was the aggressor at the time of the conflict: *State* v. *Tartar,* 26 Or. 38 (37 Pac. 53) ; *People* v. *Arnold,* 15 Cal. 476; *People* v. *Scoggins,* 37 Cal. 676; *Howell* v. *State,* 5 Ga. 48; *Murphy* v. *Dart,* 42 How. Prac. 31; *State* v. *Goodrich,* 19 Vt. 116 (47 Am. Dec. 676) ; *White* v. *Territory,* 3 Wash. T. 397 (19 Pac. 37).

Where several persons form an association for an unlawful purpose, the act or declaration of any one of them in furtherance or execution of the common design, or that which may proximately result therefrom, is the act or declaration of all: *Commonwealth* v. *Campbell,* 7 Allen, 541 (83 Am. Dec. 705) ; *Hairston* v. *State,* 54 Miss. 689 (28 Am. Rep. 392) ; *Spies* v. *People,* 122 Ill. 1 (12 N. E. 865, 17 N. E. 898, 3 Am. St. Rep. 320) ; *Martin* v. *State,* 89 Ala. 115 (8 South. 23, 18 Am. St. Rep. 91). Thus in *Rapp* v. *Commonwealth,* 14 B. Mon. (Ky.)

614, the plaintiff in error was invited into a store by one Rowland, who, blocking exit by the door, drew a knife, called him a liar, charged him with the commission of offensive acts, told him if he did the like again he would cut off his ears, and made a demonstration with the weapon, whereupon Rapp shot him, inflicting a slight wound. Rapp was indicted therefor, and at his trial sought to prove that Rowland's son, who was in the store at the time of the encounter, immediately ran up stairs and returned with a pistol, which he had loaded a few days prior thereto, when he made a contingent threat to shoot Rapp. The evidence so offered was rejected, and Rapp, having been convicted, appealed, and it was held, in reversing the judgment, that the exclusion of such testimony constituted prejudicial error. Where, however, no proof of a conspiracy has been offered, evidence of threats by a person to kill or injure another, made in the presence of a third party, who thereafter assaults or kills the person against whom the threats were so made, is inadmissible against the accused: 6 Ency. Ev. 646; *Miller* v. *State,* 97 Ga. 653 (25 S. E. 366); *State* v. *Perry,* 16 La. Ann. 444; *State* v. *Laque,* 41 La. Ann. 1070 (6 South. 787); *Fouts* v. *State,* 7 Ohio St. 471; *Rufer* v. *State,* 25 Ohio St. 464; *Wright* v. *State,* 43 Tex. 170. No evidence having been offered tending in any manner to prove the existence of a conspiracy between the defendant and Jue He, the threats of the latter made in the presence of the defendant cannot be imputed to him as evincing the condition of his mind at that time toward the prosecuting witness.

An error having been committed in admitting the testimony complained of, the judgment is reversed and a new trial ordered.

REVERSED.