. Statement of the Case.
NICHOLLS, J.
Defendant appeals from a sentence for manslaughter, and presents his case to this court on three hills of exception, as follows, to wit:
(1) “It having been previously testified, by a witness for the state, that, in jumping between the deceased and the defendant and pushing the defendant back, it was his idea to protect the defendant from the assault of the deceased, and Joe Stockett, a witness for defendant, being on the stand and testifying that he saw the parties at the time of the difficulty, he was asked by counsel for defendant: ‘From the appearance and ways of the parties, who he was impressed at the time of being in the most danger of being-shot;’ the object of the question being to show that, while .the defendant had been pushed back by three of the witnesses, though no one caught hold of the deceased, the defendant was thought to be the one in danger, and not the deceased.”
The question having been objected to on the ground “that the answer would be the opinion of the witness,” and the objection having been sustained, the bill was taken and duly signed.
(2) “It having been previously testified, by a witness for the state, that, in jumping in between the deceased and the defendant, and pushing the defendant back, it was his idea to protect the defendant from the assault of the deceased ; and I. C. Borland, a witness for the defendant, being on the stand, and having testified to the bad reputation of the deceased for violence, was asked what was the reputation of the whole family of the deceased for violence and fighting and disturbing the peace, in the neighborhood where they lived, and if most of his brothers had not died' violent deaths, one being hung for crime, the question being asked for the purpose of showing that defendant had ground for supposing, from the turbulent character of the deceased, in fact and by nature, that he was in danger,” etc.
Which question having been objected to as irrelevant, and the objection having been sustained, the bill was reserved.
(3)The district attorney in his address to the jury commented on the fact that the bad character of the deceased was 'shown, but that the (good) character of the defendant was not shown, counsel for defendant immediately objected and requested the court to instruct the jury to disregard such comments of the district attorney on the failure to. show the character of the defendant, which had not been put at issue, which request the court refused, and the bill was reserved.
Bill of Exception No. 1.
We think that the court committed no error in refusing to allow the witness Stockett to answer the question:
“From the appearance and acts of the parties at the time of the difficulty, who impressed you as being in the most danger of being shot?”
From the recitals of the bill of exception it appears that this witness saw the parties at the time of the difficulty, and what they did, and there is nothing in the record going to show that their acts and appearance at that time were not such as- could have been stated to the jury, leaving it to draw from the facts stated its own legal conclusions. The “impressions” of the witness as to which of the two parties was at that particular time most in danger of being shot were not evidence of facts.
In Marr’s Criminal Jurisprudence of Louisiana, p. 697, under the heading of “Opinion Evidence,” are collated decisions of this court bearing on this subject, from which we make the- following extracts:
“A witness must state facts, and not his impressions and opinions, leaving to the jury to *135 draw their own inferences from the facts. Thus a witness cannot be asked ‘what impression was produced on his mind as to the intention of the deceased when he threw his hand to his hip pocket’; nor can he give his opinion as to the guilt or innocence of the accused, as ‘that he was present, and from what he saw he considered that defendant was acting in self-defense throughout, or that deceased by his threats and conduct against defendant rendered the danger to defendant’s life actual and imminent, and that the killing of deceased was unavoidable and necessary to preserve the life of defendant and done in self-defense.’ ”
We do not think that, by the exclusion of the answer of the witness to the question asked him, the accused suffered any reversible injury. Had the answer to the question been “that the impression of the witness was that the defendant was the party mostly in danger at the time mentioned,” it would have been an opinion expressed by the witness with regard to merely one phase of an encounter, as to the origin and cause of which the jury -was doubtless otherwise fully informed, while this court has no knowledge of the same whatsoever. The crucial fact for the jury to determine in this case was whether the defendant, who had admittedly killed a man, was free from fault in bringing about the encounter which caused that man’s death, and was free from fault in bringing upon himself the danger which he now urges he was ultimately forced to face and to avoid by killing his opponent. That the defendant may at some particular time in the encounter have teen in greater danger than his antagonist would have thrown no light upon the legal issue submitted to the jury for decision.
Bill of Exception No. 2.
It appears that the witness Borland had been permitted to testify to the bad reputation of the deceased for violence, and had obtained the benefit of having that testimony go to the jury. Counsel for the state say:
“That was enough. The rules of evidence did not permit the defense to show the reputation of the family of the deceased for violence, fighting, etc., especially where it is not shown that they had anything to do with the homicide. Even if admitted, it would have added nothing as his own reputation had been sworn to.”
They refer to Wharton’s Criminal Ev. (9th Ed.) §§ 68 to 85; State v. Laque, 41 La. Ann. 1070, 6 South. 787; State v. Perry, 16 La. Ann. 444; State v. Vickers, 47 La. Ann. 1579, 18 South. 639; State v. Fontenot, 48 La. Ann. 283, 19 South. 113; State v. Johnson, 31 La. Ann. 369; State v. Perry, 51 La. Ann. 1074, 25 South. 944; State v. Patorno, 43 La. Ann. 514, 9 South. 442; State v. Carter, 45 La. Ann. 1326, 14 South. 30; State v. Vallery, 47 La. Ann. 182, 16 South. 745, 49 Am. St. Rep. 363.
We think that the ruling of the trial judge was correct.
Bill of Exception No. 3.
Counsel urge in reference to this bill that the argument of the district attorney was brought up incidentally, the latter saying:
“That the defendant’s character did not show up well, because of the proof that he was going around with a weapon concealed upon his person ; that he said nothing about defendant’s failure to prove his reputation in the community ; that he was discussing the facts brought out by the defendant, and expressing the conclusion that that testimony did not show good character on the part of the defendant.”
We know nothing of the circumstances under which the argument of the district attorney was made. The trial judge evidently thought he had not gone outside the limits of proper argument, but he signed the bill without comment. It is exceedingly important that district judges before signing bills should carefully scrutinize them, and, in the per curiam attached to the bills, disclose why in their opinions the ruling objected to was correct and why the bill of exception reserved was not well taken. In justice to themselves, as well as to the state, this should be done.
Expressions in the argument of the district attorney which- are in tact perfectly legiti *137 mate may appear in a very different light if detached trom the context in which they were used and separated from the circumstances under which they were made.
“To justify us in setting aside a verdict approved by the judge on the ground of improper remarks made by the district attorney, we would have to be very thoroughly convinced that the jury was influenced by his remarks and that they contributed to the verdict found.”
We do not think the situation was altered from what it would have been had the remarks of the district attorney not have been made. Marr’s Criminal Jurisprudence of La., p. 708; State v. Johnson, 48 La. Ann. 87, 19 South. 213; State v. Williams, 107 La. 789, 32 South. 172; State v. Thompson, 109 La. 296, 33 South. 320; State v. Forbes, 111 La. 473, 35 South. 710; State v. Clayton, 113 La. 782, 37 South. 754; State v. Meche, 114 La. 231, 38 South. 152; State v. Young, 114 La. 686, 38 South. 517; State v. Mitchell, 119 La. 374, 44 South. 132.
We find no reason to reverse the judgment appealed from. It is hereby affirmed.
MONROE, J. I dissent from the conclusions reached by the court on the first bill.