SOMMERYILLE, J.
Defendant was charged with murder. 1-Ie was found guilty of manslaughter, and he appeals.
There is but one bill of exceptions found in the record. It appears that defendant had pleaded self-defense to the charge. On the trial counsel for the defendant attempted to prove, by cross-examination of the state’s witnesses, that the defendant was afraid of the deceased about and before the time of the killing; that the deceased was *617 of a dangerous character, which was known to the defendant; and that deceased had made threats against the life of the defendant. The trial judge assigned as his reasons for refusing to allow the cross-examination to proceed along the lines indicated that the testimony was untimely, and that no proper foundation had been laid for the same; that there had been no evidence of an overt act on the part of the deceased towards the defendant; and that no evidence had been offered to show, or which tended to show, any hostile demonstration on the part of the deceased, or that threats by the deceased against defendant had been communicated to the latter.
We hold in many cases that testimony as to prior acts, conduct, or threats of the deceased towards the defendant cannot be testified to until after the proper foundation has been laid for tbe introduction of such testimony. An overt act on the part of the deceased at the time of the killing must be shown before defendant can introduce evidence of prior threats; and the evidence must also show that such threats were made by the deceased and communicated to the defendant prior to the time of the killing. State v. Jackson, 33 La. Ann. 1087; State v. Bowser, 42 La. Ann. 936, 8 South. 474; State v. Vallery, 47 La. Ann. 182, 16 South. 745, 49 Am. St. Rep. 363; State v. Wiggins, 50 La. Ann. 330, 23 South. 334; State v. Frierson, 51 La. Ann. 706, 25 South. 396; State v. Thomas, 111 La. 804, 35 South. 914.
Defendant, in the brief filed in his behalf, appears to have abandoned the grounds mentioned in the bill of exceptions above referred to, except as to one point; and that is that he should have been allowed to prove that he was afraid of the deceased at the time of the killing. He argues that the witnesses for the state, from their observation and intimate acquaintance with him, the defendant, knew that he (the defendant) had uncontrollable fear of the deceased. But fear, real or imaginary, controlled or uncontrolled, will not justify the killing of another person. If there is no overt act committed by the deceased at the time of, or just before, the killing, the fear on the part of the accused will not he a justification. An overt act or hostile demonstration must he of such a character as to indicate that the deceased was then and there about to execute some threat, and of such a character as to justify the defendant in believing that he was in such apparent, imminent danger of losing his life, or of suffering great bodily harm, as to authorize him to slay his adversary; for dangerous character alone, or mere threats, or fears grounded upon previous threats, do not warrant the taking of human life, or justify the person in killing the threatener at sight. Harr’s Or. Jur. 653.-
The verdict and sentence appealed from are correct; and they are affirmed.