Argued at Pendleton May 6, affirmed May 28, rehearing denied July 23, 1918.

# STATE v. CHONG BEN.*

### (173 Pac. 258, 1173.)

Criminal Law—Indeterminate Sentence—Construction of Statute.

1. Laws of 1917, Chapter 302, Section 17, providing that Laws of 1911, Chapter 127, Sections 6–8, 14–17, dealing with the giving of indeterminate sentences and amended by the act of 1917, shall remain in effect in certain specified cases, held to preserve the operation of original sections as to crime committed before act of 1917 went into effect.

Statutes—Subjects and Titles of Acts—Paroles.

2. Under Article IV, Section 20, of the Constitution, providing that an act shall embrace but one subject, which shall be expressed in title, Laws of 1917, Chapter 302, Section 17, is void in so far as it limits parole by court, the act relating to executive paroles and its title making no mention of Laws of 1911, Chapter 108, of which such Section 17 would be an amendment.

Criminal Law—Repeal of Statute by Implication.

3. The repeal of statutes by implication is not favored.

Homicide—Assault to Kill—Sufficiency of Evidence.

4. Evidence held to sustain conviction for assault with intent to kill.

Homicide—Conspiracy—Question for Jury.

5. In a prosecution against three defendants for assault with intent to kill, evidence of conspiracy held sufficient to justify submission to jury of question of whether there was a conspiracy to kill.

> [What constitutes conspiracy and what evidence is necessary to prove it, see note in 3 Am. St. Rep. 474.]

Homicide—Instructions—Evidence.

6. In a prosecution against three defendants for assault with intent to kill, where there was sufficient evidence to justify submission of conspiracy to jury, the giving of instructions as to conspiracy was not error.

Criminal Law—Conspiracy—Instruction—Province of Jury.

7. An instruction that, where two or more persons are associated together for purpose of doing an unlawful act, the act of one is deemed act of all is not objectionable, as invading province of jury by assuming existence of conspiracy.

*For a discussion of the question of homicide in carrying out unlawful conspiracy, see comprehensive note in 68 L. R. A. 193.

REPORTER.

ON PETITION FOR REHEARING.

**Criminal Law—Instructions—Acts and Declarations of Conspirators.**

8. An instruction that, where two or more persons are associated together for purpose of doing an unlawful act, the act or declaration of one while engaged in or pursuant to the common object or design is the act or declaration of all, for which all are liable, does not permit jury to use acts and declarations of one against all defendants regardless of proof of conspiracy or whether proof of conspiracy existed at the time of the act or declaration and does not permit proof of conspiracy as to all by evidence of acts and declarations of one.

**Criminal Law—Further Instruction—Necessity for Request.**

9. Where no request was made, court may assume that instruction further than that given was not desired, where instruction, although proper, could have been deduced from a given instruction.

From Union: JOHN W. KNOWLES, Judge.

In Banc.

The defendants were indicted and convicted of the crime of assault with intent to kill one Eng Chong, were sentenced by the court to serve an indeterminate sentence of from one to ten years in the penitentiary, and being dissatisfied with the judgment of the court, took this appeal.

The alleged offense was committed, if at all, on February 16, 1917. The indictment was returned on June 9, 1917, and final judgment was pronounced July 5, 1917.

At the time the alleged offense was committed, Section 1592, L. O. L., as amended by Section 7 of Chap. 127, Laws of 1911, was as follows:

"Section 1592. Whenever any person is convicted of a crime for which the maximum punishment is a definite term of years in the penitentiary the court shall, unless it impose other sentence than a sentence to serve a term in the penitentiary, sentence such person to imprisonment in the penitentiary without limitation of time, stating in such judgment and sentence the minimum and maximum penitentiary penalty for

such crime, as provided by law, which said sentence shall be known as an indeterminate sentence.''

Section 1724, L. O. L., as amended in 1911, was as follows:

"Section 1724. Any person sentenced to serve an indeterminate sentence in the penitentiary may be paroled by the Governor upon his own motion, or upon recommendation of the Parole Board, at any time after the said person has served the minimum term in the penitentiary prescribed by law for the crime for which said person was convicted and sentenced; said parole may be upon such terms and conditions as shall seem to the Governor to be just or expedient."

Section 1586, L. O. L., as amended by Chap. 108, Laws of 1911, was as follows:

"Section 1586. When any person who has not previously been convicted of a felony shall have been convicted in the circuit court of this State of any felony or misdemeanor, and sentenced not to exceed ten years' imprisonment in the penitentiary, with or without fine, and sentence shall have been pronounced, the court before which the conviction shall have been had, if satisfied that such person, if permitted to go at large, would not again violate the law, may, in its discretion, by order of record, parole such person and permit him or her to go and remain at large under the supervision of the court, or under the supervision of any prisoners' aid society now organized or hereafter to be organized under the laws of the State of Oregon, subject always, however, to the order of such court as such court may deem best until such parole shall be terminated as hereinafter provided, but such court shall have no power to parole any person after he or she has been delivered to the warden of the penitentiary, or where it shall be made to appear to said court before such parole shall have been granted that such person has been before convicted of a felony."

The legislature in 1917 passed an act amending certain sections of the parole law, abolishing or purporting to abolish all minimum punishments for crime before prescribed by law, and providing that the court should in all cases pronounce an indeterminate sentence, whose maximum should not be greater than the highest punishment prescribed by existing laws, and whose minimum should not exceed one half the maximum penalty provided. Section 16 of the act provided that no person should be paroled under the act until he had served the minimum penitentiary sentence ordered by the court.

Section 17 provides that nothing in the act should impair the power of the court to parole under Section 1586, L. O. L., as amended in 1911, except that no convicted prisoner should have the right to a parole after instituting an appeal to the Supreme Court.

Section 14 of the act of 1917, *supra,* is as follows:

"Sec. 14. Notwithstanding the amendment hereby of Sections 6, 7, 8, 14, 15, 16 and 17 of Chapter 127 of the General Laws of Oregon for 1911, and the substitution of new provisions therefor, the provisions of said Chapter 127 of the General Laws of Oregon for 1911 shall apply to all persons now confined in the penitentiary or sentenced to confinement in the penitentiary, and to all persons hereafter confined in the penitentiary or sentenced to confinement in the penitentiary hereafter, for all felonies committed prior to the time that this amendatory Act takes effect, when such persons have served the minimum penitentiary sentence heretofore fixed by law as penalty for the crimes whereof they have been convicted, and the said original sections shall continue in force and effect for the purpose of sentencing all such persons to confinement in the penitentiary for felonies committed prior to the taking effect of this Act. And the judge of any court shall, upon request by the secretary of

the Parole Board, certify to the secretary of the Parole Board the minimum and maximum penitentiary penalties for the crime whereof said person has been convicted, and said certificate shall be of the same force and effect as if the facts stated in the certificate had been included in the original sentence and judgment on conviction by the said court.''

At the conclusion of the testimony the defendants' counsel moved for a directed verdict on the ground that there was no testimony to justify a verdict against them, and the refusal of the court to grant it is assigned as error.

Error is also assigned by reason of the giving of the following instructions:

''3.

''I therefore instruct you that if you find from the evidence in this case beyond a reasonable doubt, that these defendants or any two of them, while acting and conspiring together, in this county and state, at the time named in the indictment, did assault one Eng Chong, with intent to then and there kill him, the said Eng Chong, by then and there shooting at the said Eng Chong with a pistol, loaded with powder and ball, and while within shooting distance of and with intent to kill him, the said Eng Chong, then it will be your duty to find such defendants that you find acted and conspired together guilty as charged.

''4.

''I further instruct you that if you find from the evidence in this case beyond a reasonable doubt, that on the 16th day of February, 1917, in this county and state, either of the defendants named in the indictment, while acting alone and not in conjunction with the other defendants, did assault Eng Chong, named in the indictment, with intent to kill him, the said Eng Chong, by then and there shooting at the said Eng Chong, with a pistol loaded with powder and ball, and in shooting distance of and with intent to kill the

said Eng Chong, then you should find such defendant guilty as charged, and the other two defendants not guilty.

"7.

"I instruct you that where two or more persons are associated together for the purpose of doing an unlawful act, the act or declaration of one of such persons, while engaged in or pursuant to the common object or design, is the act or declaration of all, for which all are liable, and each person so associated is deemed or presumed to have consented to or commanded what was done by any of the others.

"8.

"I instruct you that a conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself unlawful or criminal, by criminal or unlawful means.

"9.

"I further instruct you that while it is necessary in order to establish the existence of a conspiracy, to prove a combination of two or more persons by concert of action to accomplish a criminal or unlawful purpose, yet it is not necessary to prove that the conspirators came together and entered into a formal agreement to effect such purpose. Such common design and purpose may be regarded as proved, if the jury believe from the evidence, beyond a reasonable doubt, that the parties to such conspiracy were actually pursuing in concert the common design and purpose, whether acting separately or together, by common or different means, providing they were all leading to the same unlawful purpose.

"10.

"I therefore instruct you that if you are satisfied from the evidence in this case beyond a reasonable doubt, that the defendants had entered into a conspiracy to shoot and kill Eng Chong, and in pursuance of such conspiracy, common design and purpose, the

defendant Chong Ben shot at the said Eng Chong, with a pistol with intent to kill him, the said Eng Chong, at the time and place named in the indictment, then it will be your duty to find all of the defendants guilty as charged in the indictment.

## "11.

"I instruct you that if you find from the evidence in this case beyond a reasonable doubt that one of the defendants shot at Eng Chong with a pistol with intent to kill him, the said Eng Chong, and the other defendants were present, aiding and abetting him in the shooting, then you should find all of the defendants guilty as charged in the indictment.

## "12.

"I instruct you that you may find one or more of the defendants guilty and the others not guilty. If the testimony satisfies you beyond a reasonable doubt, that either of the defendants is guilty of the crime charged, then you should find such defendant guilty. On the other hand, if you entertain a reasonable doubt from the evidence as to the guilt of either of the defendants of the crime charged, then you should find such defendant not guilty." AFFIRMED.

For appellants, in Supreme Court only, there was a brief over the name of *Messrs. Cochran & Eberhard,* with oral arguments by *Mr. George T. Cochran* and *Mr. Colon R. Eberhard.*

For the State there was a brief over the names of *Mr. John S. Hodgin,* District Attorney, and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. Hodgin* and *Mr. Thomas H. Crawford.*

McBRIDE, C. J.—1, 2. It is claimed by the appellants that the act of 1917 repealed by implication Section 1586, L. O. L., *supra,* as amended by Chap. 127, Laws of 1911, and also Sections 1592 and 1724, L. O. L., as amended by Chap. 127, Laws of 1911, but we are of

the opinion that Section 14 last above quoted preserves the operation of the original sections as to offenses committed before the act of 1917 went into effect, except as to Section 1586, and as to this we are of the opinion that Section 17 of the act of 1917 is palpably void in so far as it attempts to limit the right to a parole. Section 20 of Article IV of the Constitution is as follows:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title of the act of 1917, *supra,* is as follows:

"AN ACT to amend Sections 6, 7, 8, 14, 15, 16 and 17 of Chapter 127 of the General Laws of the State of Oregon for the year 1911, entitled 'An Act to entend and define the indeterminate sentence; to create a Parole Board, and to provide its powers and duties.' "

3. It will be seen that the title confines the scope of the act to the amendment of certain sections of Chap. 127, and the sections so amended are set forth at full length as amended. The act giving judges power to parole after sentence is contained in Chap. 108, Laws of 1911, and consist of a single section. It relates to a different matter from executive paroles and is not so connected with it as to logically form part of the same act. It is not embraced in the title and considered as an amendment is open to the criticism that the section which it purports to amend is not set forth at full length. It does not purport in terms to amend Chap. 108, and repeals by implication are not favored. It may also be noted that the act of 1911 has no repealing clause as to other acts upon the same subject,

so there is no express repeal of Chap. 108. The defendants were sentenced according to the provisions of the law as it stood before the passage of the act of 1917, and in this the court pursued the correct course. It would be going very far to hold that there was no evidence against the defendants. In our judgment the evidence was strong.

4. The testimony for the state indicated that there was some dispute or difference between the defendants and Eng Chong about a hospital bill incurred by Eng Chong, and which for some reason had been paid by the defendants or their friends. Shortly before the shooting the defendants and another Chinaman were discussing the matter together, and one of them was heard to ask Chong Ben if Eng Chong had paid back the hospital fees, to which interrogatory Chong Ben replied in effect that he had not, and that if he did not "he" or "they" (the witness gave the conversation both ways) would take a couple of shots at him. While standing alone this would not be sufficient to establish a conspiracy, yet when this threat is supplemented with evidence that Chong Ben, the man who made the threat, fired through the windows at Eng Chong, and immediately after the shooting he was seen running away from the scene with a pistol in his hand and accompanied by the other defendants, there was certainly evidence that he and they were engaged in a conspiracy to take the life of Eng Chong. There are some other incidents detailed in the testimony which, in a remote degree, tend in the same direction, but if there was any testimony tending to establish a criminal conspiracy, its weight was a question for the jury. Where three men are together discussing a common grievance and one is heard to say to

89 Or.—21

the other two, "If this grievance is not redressed I will shoot the offender" and thereafter the one making the threat accompanied by his two companions seeks the offending party, shoots at him, and all three run away together from the scene of the crime, the average unprejudiced man would say that these facts indicated that somewhere along the line there had been a criminal conspiracy between the three to commit the offense. Substantially, that is the case here if the state's witnesses are to be believed, and the jury evidently believed them.

The circumstances of this case differentiate it from the case of *State* v. *Quen*, 48 Or. 347 (86 Pac. 791). In that case the threat was made by the defendant in the presence of other persons who, so far as the testimony indicated, were mere passive spectators, taking no part in the conversation; while here all the parties present were discussing the grievance on two occasions and on both the same threat was made by one of them, and all three were subsequently identified at the scene of the crime.

5, 6. There is practically no objection to the instructions considered as abstract statements of the law, but it is urged that there being no evidence of a conspiracy between the defendants they were erroneous because not applicable to the evidence. As already shown, there was sufficient evidence of conspiracy to justify submission of the case to the jury and so far as the objections are based upon the ground of inapplicability to the facts they must fail.

7. It is also objected that instruction No. 7 assumes the existence of a conspiracy and, therefore, trenches upon the province of the jury, but we find nothing to justify this criticism. The instructions taken as a

whole are eminently clear and free from even technical error, fairly presenting every phase of the case.

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

PETITION FOR REHEARING.

On petition for rehearing.   Denied.

*Messrs. Cochran & Eberhard,* for the petition.

*Mr. John S. Hodgin,* District Attorney, and *Messrs. Crawford & Eakin, contra.*

In Banc.

McBRIDE, C. J.—Much of the argument in the petition for rehearing is devoted to criticism of Instruction No. 7, which is set forth in full at page 318, *ante* (173 Pac. 258).   A careful reading of that instruction will not disclose a single one of the multifarious errors which the astuteness of counsel imputes to it.   It is urged that the instruction is a mere abstract statement of the law.   We think this objection sufficiently answered by our former opinion.

The second objection is that it "permits the jury to use acts and declarations of one against all defendants, regardless of proof of conspiracy, or whether proof of conspiracy existed at the time of the act or declaration."   The instruction will not bear such a construction.   We reproduce it in its entirety:

"I instruct you that where two or more persons are associated together *for the purpose of doing an unlawful act,* the act or declaration of one of such persons, *while engaged in or pursuant to the common object or design,* is the act or declaration of all, for which all are liable, and each person so associated is

deemed or presumed to have consented 'to or commanded what was done by any of the others.''

8. In the hypothetical case assumed by the instruction there must be, (1) two or more persons associated for the purpose of doing an unlawful act, before the declaration of one conspirator will bind the others who are associated with him in the common design, and (2) the act or declaration to be binding upon a defendant, other than the one actually performing the act or making the declaration, must be ''pursuant to the common object or design.'' The instruction is clear and does not carry with it the construction attributed by counsel.

9. The other objections to the instruction, briefly stated, are (1) that it permits the jury to use the acts and declarations of one defendant to prove the conspiracy as to all; (2) that it assumes the existence of the conspiracy, and, (3) that it does not require the jury to first determine from the evidence the existence of a conspiracy before considering any evidence of acts or declarations of one defendant against another. A mere reading of the instruction will convince any unprejudiced mind that these objections are each and all unfounded. The instruction was clear and correct as to the proposition stated, and. it is not claimed that any further limitations or explanations were asked by counsel for the defense. As stated in our former opinion, there was ample evidence to justify every instruction given. An instruction that the jury must first be satisfied that a conspiracy existed before considering evidence of the acts or declarations of one defendant as against another, would have been proper although we think it might reasonably be deduced from the language used in Instruction No. 7, but no such instruction was requested. In the absence of

such request the court had a right to assume that the defendants had no desire for further instruction upon that point.

It is needless to consume time and space discussing points already passed upon in our original opinion, or to discuss in detail the authorities cited by counsel. They were all carefully considered and we have found no reversible error in the proceedings, nor are we able to see how in any respect the rights of the defendants either under the Constitution of the United States or of this state have been infringed upon.

The petition is denied.          REHEARING DENIED.